# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| SAULSBURY IND., INC. | Civil Action No. 6:19-0007 |
| Versus | Judge Michael J Juneau |
| CABOT CORP., ET AL. | Magistrate Judge Carol B Whitehurst |

## MEMORANDUM RULING AND ORDER

Before the undersigned is defendant Cleco Power, LLC's ("Cleco") Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternative Rule 12(b)(6) Motion to Dismiss [Doc. 31]. The motion is opposed by the plaintiff, Saulsbury Industries, Inc. ("Saulsbury"). For the reasons that follow, the motion is DENIED AS PREMATURE, subject to the right of Cleco to re-file the motion after jurisdictional discovery has been completed.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The instant lawsuit arises out of a dispute over a construction contract involving Saulsbury, defendant Cleco, and defendant Cabot Corporation ("Cabot"), the latter two being the developers of the project. In general terms, Saulsbury argues that the parties amended the contract governing the construction project at issue, while Cleco and Cabot argue the contract was never amended. Saulsbury filed suit in this Court on January 3, 2019, and alleges that the jurisdictional basis in this matter arises under 28 U.S. 1332. In its motion, Cleco argues that this Court

lacks subject matter jurisdiction over the plaitnff's claims against it, on grounds the plaintiff has not sufficiently alleged that the plaintiff and Cleco are diverse in citizenship. The plaintiff responds that its allegations in the Complaint are sufficient to establish jurisdiction, but that in the event jurisdiction has not been adequately pled, the proper remedy is not to dismiss the plaintiff's claims against Cleco, but to allow the parties to conduct jurisdictional discovery so that Saulsbury may more sufficiently plead a jurisdictional basis.

## II. LAW AND ANALYSIS

Cleco filed the instant motion under Rule 12(b)(1), or alternatively, Rule 12(b)(6). It is well settled that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hill v. City of Pasadena*, 561 F.2d 606, 608 (5th. Cir. 1977) (*per curiam*). Therefore, the undersiged will consider Cleco's jurisdictional arguments first.

**Lack of Subject Matter Jurisdiction Under 12(b)(1)**

Rule 12(b)(1) requires dismissal of a complaint for "lack of subject-matter rjurisdiction" if the Court lacks statutory or constitutional power to adjudicate the case. "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th

Cir. 2012). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. Indeed, in *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009), the Fifth Circuit stated:

> "[U]nder both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Id.* at 449 (citing *Lane ex rel. Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir.2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

A party invoking federal jurisdiction bears the burden of showing that it has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Standing "determines the court's fundamental power to hear [a] suit." *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir.2002). "Whether a party has standing to sue in federal court is a question of federal law." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed.Cir.2003). The party asserting jurisdiction has the burden of establishing jurisdiction. *Id.*; *see also Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 318-319 (5th Cir. 2002). Furthermore, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly and affirmatively alleged.*'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America,* 841

F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); see also *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 (5 Cir. 2009)(suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.,* 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

Similarly, the court must consider the citizenship of each partner, whether limited or general. *AmGuard Ins. Co. v. Middleton*, No. 18-CV-0261, 2018 WL 3370568, at *2 (W.D. La. July 9, 2018), citing *Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). The *Carden* rule applies to common law limited partnerships and a Louisiana partnership in commendam. *Id,* citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1994); *Newport Limited v. Sears, Roebuck and Co*., 941 F.2d

4

302 (5th Cir. 1991). If partners are an unincorporated association, such as a partnership or LLC, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. *Id,* citing *Mullins v. Testamerica, Inc.*, 2008 WL 4888576 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership).

In its complaint, Saulsbury alleges it is a Delaware corporation with its principal place of business in Boston, Massachusetts. With respect to Cleco, Saulsbury plaintiff alleges:

> Defendant Cleco Power, LLC ("Cleco") is a limited liability company whose sole member is Cleco Corporate Holdings LLC. The sole member of Cleco Corporate Holdings LLC is Cleco Group LLC. The sole member of Cleco Group LLC is Cleco Partners L.P. The partners of Cleco Partners L.P. are Macquarie Group, Ltd., which is an Australian corporation with a principal place of business in Sydney, New South Wales, Australia; British Columbia Investment Management Corporation, which is a Canadian corporation with a principal place of business in Victoria, British Columbia, Canada; and John Hancock Financial Services, Inc., which is a Delaware corporation with a principal place of business in Boston, Massachusetts. Cleco is therefore a citizen of Australia, Canada, Delaware, and Massachusetts for diversity purposes. Cleco may be served through its registered agent, Mark D. Pearceeph, who can be found at 2030 Donahue Ferry Road, Pineville, Louisiana 71360.[1]

In response, however, Cleco argues that MIP Cleco Partners, LP, John Hancock Como Investments, LLC, and BCIMC Como Investment Limited

---
[1] Complaint, Doc. 1, at Paragraph 3.

Partnership were partners of Cleco Partners, LP as of January 3, 2019, when the Complaint was filed, but that Saulsbury does not allege as much in its Complaint. Additionally, Cleco agues that certain investors of MIP Cleco Partners, LP indicate that, when tracing Cleco's membership to each individual person or corporation, it appears that Cleco is a citizen of Texas for purposes of diversity. Therefore, Cleco argues this Court lacks complete diversity over Cleco.[2]

Both parties appear to acknowledge that Cleco's organizational structure is complex, but Cleco has stated it will cooperate with Saulsbury in its investigation of the identity of all of Cleco's investors. Thus, Cleco is amenable to jurisdictional discovery. Given the foregoing, the appropriate remedy given the circumstances is to deny the motion to dismiss and allow the parties to partipicate in jurisdictional discovery so that the citizenship of Cleco can be determined by this Court for jurisdictional purposes. In *Chesapeake Louisiana, LP v. Creamer Property Mgmt, LLC*, 2009 WL 653796 at *1 (W.D. La. 2009), the court followed this procedure for allowing the plaintiff to more adequately plead the citizenship of a defendant, to wit:

---

[2] *See* Affidavit of Karl Kuchel, CEO of the general partner of Macquarie Infrastructure Partners, III, LP, attached as Exhibit 1 to Cleco's Motion to Dismiss, Doc. 31. In his Affiidavit, Mr. Kuchel states he is famililar with MIP III's investments, particularly with regard to MIP III's partnership interest in Celco Holdings. Mr. Kuchel also attests:

> Affiant specifically avers that as of January 3, 2019, and through March 1, 20-19, there are two investors of MIP III, which have indicated in their subscription documents to be (i) a governmental agent of the state of Texas and (ii) a qualified pension plan under section 401(a) of the Internal Revenue Code, which is organized under the laws of Texas, respecrtively.

Chesapeake will need to file an amended complaint, seeking leave if then necessary under Rule 15, to plead with specificity the citizenship of the LLC defendant. The LLC has not appeared as yet, and it is likely that Chesapeake will not have access to the membership information through public records or other readily available sources. The membership information is ordinarily furnished voluntarily by parties in similar situations. In the event the LLC does not furnish the information voluntarily, Chesapeake is granted leave of court to conduct discovery regarding the citizenship issue, commencing with the appearance of the LLC defendant in this case. Chesapeake will be permitted 45 days from the appearance of the LLC to gather the citizenship information and file an amended complaint that states the citizenship of all relevant parties with specificity.

Given the complexiy of Cleco's organizational structure and the amenability of Cleco to participating in jurisdictional discovery, the undersigned concludes the proper remedy is to permit jurisdictional discovery limited to the issue of Cleco's citizenship.

### III. CONCLUSION

Thus, for the foregoing reasons, IT IS ORDERED that Cleco's Motion to Dismiss [Doc. 31] is DENIED AS PREMATURE, subject to the right of Cleco to re-file the motion after jursidictional discovery has been completed. IT IS FURTHER ORDERED that Saulsbury and Cleco conduct discovery limited to the jurisdictional aspect of determining the citizenship of Cleco, such discovery to be completed no later than six weeks from the date of this Order. IT IS FURTHER ORDERED that, upon expiration of the six-week period, Saulsbury shall amend its complaint to more sufficiently allege the citizenship of Cleco for jurisdictional

purposes. If, after the filing of a motion for leave to amend its complaint and the granting of that motion, Cleco continues to maintain that its citizenship has not been sufficiently alleged, Cleco may re-urge the instant motion.

Until the jurisdictional issue raised by Cleco has been resolved, this Court makes no ruling or recommendation on the portion of the motion seeking dismissal under Rule 12(b)(6), and this portion of the motion is DENIED AS PREMATURE as well, subject to the right of Cleco to re-urge at a later date.

**THUS DONE AND SIGNED** this 24th day of October, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE