## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Saulsbury Industries Inc.                Civil Action No. 6:19-0007

Versus                                   Judge Michael J. Juneau

Cabot Corp. et al                        Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, are two motions filed by defendant Cleco Power, LLC's ("Cleco"), to wit: (1) Second Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternative Rule 12(b)(6) Motion to Dismiss [Rec. Doc. 51]; and (2) Motion to Remand and Dissolve Order of Consolidation [Rec. Doc. 59].  The motion to dismiss is unopposed, while Saulsbury has responded to the motion to remand [Rec. Doc. 63], and Cleco has filed a reply brief [Rec. Doc. 71].  For the reasons that follow, the Court will recommend that the motion to dismiss be granted on grounds this Court lacks subject matter jurisdiction over Cleco, and the motion to dissolve the order of consolidation and remand the consolidated matter against Cleco will be granted for the same reason.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

The instant lawsuit arises out of a dispute over a construction contract involving Saulsbury, defendant Cleco, and defendant Cabot Corporation ("Cabot"),

the latter two being the developers of the project.  In general terms, Saulsbury argues that the parties amended the contract governing the construction project at issue, while Cleco and Cabot argue the contract was never amended.  Saulsbury filed suit in this Court on January 3, 2019 and alleges that the jurisdictional basis in this matter arises under 28 U.S. §1332.  Cleco filed a first motion to dismiss, arguing this Court lacks subject matter jurisdiction over the plaintiff's claims, on the grounds that plaintiff has not sufficiently alleged that the plaintiff and Cleco are diverse in citizenship.  At that time, the Court denied the motion as premature and permitted the parties to engage in jurisdictional discovery for the purpose of determining the citizenship of Cleco and allowing Saulsbury to more sufficiently plead a jurisdictional basis.  In its second motion to dismiss, Cleco argues that, after jurisdictional discovery was completed, Saulsbury failed to amend its Complaint to distinctly and affirmatively allege some aspects of Cleco's citizenship for the purposes of diversity. Cleco further asserts that, when tracing Cleco's membership to the individual person or corporation, Cleco appears to be a citizen of Texas, thereby destroying diversity jurisdiction. For these reasons, Cleco argues that plaintiff's claims against it should be dismissed, and that the consolidated matter – which bears Civil No. 19-0269 and which involves Cleco's claims against Saulsbury only – should be remanded.

## II. LAW AND ANALYSIS

Cleco filed the instant motion under Rule 12(b)(1), or alternatively, Rule 12(b)(6).  It is well settled that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hill v. City of Pasadena*, 561 F.2d 606, 608 (5th. Cir. 1977) (*per curiam*).   Therefore, the undersigned will consider Cleco's jurisdictional arguments first.

### A. Lack of Subject Matter Jurisdiction Under 12(b)(1)

Rule 12(b)(1) requires dismissal of a complaint for "lack of subject-matter jurisdiction" if the Court lacks statutory or constitutional power to adjudicate the case.   "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."  *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).  "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287.  Indeed, in *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009), the Fifth Circuit stated:

> "[U]nder both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in

the complaint and its proper attachments." *Id.* at 449 (citing *Lane ex rel. Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir.2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

The party invoking the federal forum has the burden of establishing federal jurisdiction.  *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).  Furthermore, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly and affirmatively alleged*.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence." *Id.*

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); see also *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 (5 Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.,* 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007)

4

("citizenship must be traced through however many layers of members or partners there may be").

Similarly, the court must consider the citizenship of each partner, whether limited or general. *AmGuard Ins. Co. v. Middleton*, No. 18-CV-0261, 2018 WL 3370568, at *2 (W.D. La. July 9, 2018), citing *Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). The *Carden* rule applies to common law limited partnerships and a Louisiana partnership in commendam. *Id,* citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1994); *Newport Limited v. Sears, Roebuck and Co*., 941 F.2d 302 (5th Cir. 1991). If partners are an unincorporated association, such as a partnership or LLC, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. *Id,* citing *Mullins v. Testamerica, Inc.*, 2008 WL 4888576 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership).

In its complaint, Saulsbury alleges it is a Texas corporation with its principal place of business in Odessa, Texas.  With respect to Cleco, Saulsbury plaintiff alleges:

> Defendant Cleco Power, LLC ("Cleco") is a limited liability company whose sole member is Cleco Corporate Holdings LLC. The sole member of Cleco Corporate Holdings LLC is Cleco Group LLC. The sole member of Cleco Group LLC is Cleco Partners L.P. The partners of Cleco Partners L.P. are Macquarie Group, Ltd., which is an Australian corporation with a principal place of business in Sydney,

5

New South Wales, Australia; British Columbia Investment Management Corporation, which is a Canadian corporation with a principal place of business in Victoria, British Columbia, Canada; and John Hancock Financial Services, Inc., which is a Delaware corporation with a principal place of business in Boston, Massachusetts. Cleco is therefore a citizen of Australia, Canada, Delaware, and Massachusetts for diversity purposes. Cleco may be served through its registered agent, Mark D. Pearceeph, who can be found at 2030 Donahue Ferry Road, Pineville, Louisiana 71360.[1]

In response, however, Cleco asserts that MIP Cleco Partners, LP, John Hancock Coco Investments, LLC, and BCIMC Como Investment Limited Partnership were partners of Cleco Partners, LP as of January 3, 2019, when the Complaint was filed, but that Saulsbury does not allege as much in its Complaint. Additionally, Cleco argues that certain investors of MIP Cleco Partners, LP indicate that, when tracing Cleco's membership to each individual person or corporation, it appears that Cleco is a citizen of Texas for purposes of diversity. Therefore, Cleco argues this Court lacks complete diversity over Cleco. [2]

Both parties acknowledge that Cleco's organizational structure is complex.[3] The parties disagree as to whether Cleco fully cooperated with Saulsbury in its

---

[1] Complaint, *R. 1*, *Paragraph 3*.

[2] *See* Affidavit of Karl Kuchel, CEO of the general partner of Macquarie Infrastructure Partners, III, LP, attached as Exhibit 1 to Cleco's Motion to Dismiss, *R. 31*.  In his Affidavit, Mr. Kuchel states he is familiar with MIP III's investments, particularly with regard to MIP III's partnership interest in Cleco Holdings.  Mr. Kuchel also attests:

> Affiant specifically avers that as of January 3, 2019, and through March 1, 2019, there are two investors of MIP III, which have indicated in their subscription documents to be (i) a governmental agent of the state of Texas and (ii) a qualified pension plan under section 401(a) of the Internal Revenue Code, which is organized under the laws of Texas, respectively.

investigation of the identity of all of Cleco's investors, however, the end result is that Saulsbury has failed to amend its complaint to more fully and completely allege that Saulsbury and Cleco are completely diverse in citizenship.[4]   Although Saulsbury has alleged, to the best of Saulsbury's knowledge, some aspects of Cleco's citizenship for the purposes of diversity, Saulsbury has failed to "distinctly and affirmatively" allege all facets of Cleco's membership.  In short, Saulsbury has failed to present evidence establishing that, contrary to the affidavit testimony of qualified representatives of MIP Cleco Partners, L.P. and BCIMC Como Investment Limited Partnership, neither of those entities are partners of Cleco Partners, L.P., and that no other general or limited partners exist.  Considering the foregoing, Saulsbury's claims against Cleco should be dismissed without prejudice for want of subject matter jurisdiction.

For the same reason, Cleco's complaint against Saulsbury, which was removed to this Court by Saulsbury, should also be dismissed.   Cleco's Second Motion to Dismiss requests dismissal of Saulsbury's claims against Cleco, but the motion does not specifically address the consolidated action involving Cleco's claims against Saulsbury, which Saulsbury removed to this Court.  Saulsbury's claims against Cleco are contained in the lower docket of the consolidated matter

---

[4] Indeed, Saulsbury has affirmatively stated that it "does not oppose dismissing the consolidated action without prejudice for lack of subject-matter jurisdiction." *R. 63, p. 1, R. 57, p. 2.*

(6:19-CV-00007, the "Primary Lawsuit"), whereas Cleco's claims are contained in the higher docketed action (6:19-CV-0269, the "Secondary Lawsuit").   In its Second Motion to Dismiss, Cleco prayed for the dismissal of Saulsbury's claims against Cleco but did not specifically request relief as to Cleco's claims against Saulsbury.

Cleco originally sought to consolidate these two matters in order to simplify the presentation of the identical issues of diversity in both proceedings.  However, in light of a recent decision from the United States Court of Appeals for the Fifth Circuit, consolidation of similarly situated matters was found to be manifestly improper where the primary lawsuit lacks an independent basis for federal jurisdiction.  As it relates to the instant case, in *IntegraNet Physician Resource, Incorporated v. Texas Independent Providers, L.L.C.*, 945 F.2d 232, 245 (5th Cir. 2019) the Fifth Circuit held in a one-paragraph section relating to the consolidation itself:

> Under Federal Rule of Civil Procedure 42(a), courts may consolidate actions if they "involve a common question of law or fact." According to the Supreme Court's decision in *Peacock*, this language means that "[a]ncillary jurisdiction may extend to claims having a factual and logical dependence on the primary lawsuit." So long as "*that primary lawsuit* . . . contain[s] an independent basis for federal jurisdiction." Generally, "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." ***But, because the primary lawsuit here lacks a basis for federal jurisdiction, consolidation was not appropriate***.

The *IntegraNet* decision evidences the consideration that the district court may, after dismissal of the primary action, have discretion to exercise supplemental or ancillary jurisdiction over the remaining cases even if those remaining cases do not have independent grounds for subject matter jurisdiction.  However, as the *IntegraNet* decision made clear, in situations where the primary action has no "independent basis for federal jurisdiction," it is improper for the court to exercise supplemental or ancillary jurisdiction.  *Id*.  The *IntegraNet* court specifically held that consolidation is not appropriate when the primary lawsuit lacks subject matter jurisdiction, and dissolution of consolidation under these circumstances is proper.

In the instant matter, this Court has concluded that it lacks jurisdiction over the primary action involving Saulsbury's claims against Cleco and is recommending the dismissal of that case for lack of subject matter jurisdiction. Because Cleco's claims against Saulsbury were removed on the basis of the jurisidictional foundation of Saulsbury's claims against Cleco, and the Court has concluded that foundational jurisdictional basis does not exist, the Court concludes that Cleco's claims against Saulsbury – contained in Civil Action No. 19-0269 -- should be unconsolidated, and that matter remanded to 9th Judicial District Court, Parish of Rapides, State of Louisiana.

## III.  CONCLUSION

For the foregoing reasons, the undersigned recommends that Cleco's Motion to Dismiss [Rec. Doc. 51] be GRANTED, and that Saulsbury's claims against it be DISMISSED WITHOUT PREJUDICE. The undersigned further RECOMMENDS that Motion to Remand and Dissolve Order of Consolidation [Rec. Doc. 59] be GRANTED and that the order of consolidation consolidating the claims of Cleco against Saulsbury and set forth in Civil Action No. 19-0269 be DISSOLVED, and that Civil Action 19-0269 and all claims contained therein be REMANDED to the 9th Judicial District Court, Parish of Rapides, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 23rd day of June, 2020.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

11